**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**ERICK D. SMITH,**

        **Petitioner,**

v.                                **Civil Action No.: 3:20-cv-103
                                      (GROH)**

**BRYAN ANTONELLI,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On June 23, 2020, Erick D. Smith, an inmate at Hazelton FCI[1], acting pro se, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1.[2] Petitioner is challenging the validity of his convictions and sentence from the Northern District of Florida where a jury found him guilty as to Counts One and Three of a five-count second superseding indictment. ECF No. 135. Count One charged Petitioner with conspiracy to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine and 280 grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A)(ii) and (iii). Count Three charged Petitioner with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Petitioner was sentenced to 420 months incarceration

---

[1] According to inmate locator (https://www.bop.gov/inmateloc/), Petitioner is now located at USP Canaan in PA.

[2] All CM/ECF references designated "ECF No. 1" and "ECF No. 1-1" refer to the § 2241 Petition and attached memorandum in the instant civil action, 3:20-CV-103 in the Northern District of West Virginia. All other CM-ECF references refer to Criminal Action No. 3:11-CR-24, in the Northern District of Florida (Pensacola Division). See generally Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record").

as to Count One and to 120 months incarceration as to Count Three to run concurrent. ECF No. 230.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2.  For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice for lack of jurisdiction.

## II.   FACTUAL AND PROCEDURAL HISTORY

### A.   Conviction and Sentence in the Northern District of Florida

On May 17, 2011, Petitioner was charged in a five-count second superseding indictment with the following: Count One (1)-conspiracy to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine and 280grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A)(ii) and (iii); Count Two (2)-use, carry, and possession of afirearm in furtherance of a drug trafficking crime, in violation of 924(c)(1)(A)(i), 924(c)(1)(A)(iii), and 2; Count Three (3)- possession of a firearm by a convicted felon,in violation of 18 U.S.C. § 922(g)(1); and Counts Four (4) and Five (5) -money laundering, in violation of 18 U.S.C. §§ 1957 and 2, arising from conduct on two separate dates. ECF No. 54. The indictment also contained two forfeiture counts, one for controlled substances and money laundering, and the other for firearms. Id. Co-defendants Telly J. Hill and Ismael A. Rodrigues were charged in Count One, and Hill was also charged in Count Two. Id.

Petitioner exercised his right to a jury trial at which he was represented by Attorney Shelley Guy Reynolds. The court granted Petitioner's motion for a judgment

of acquittal on Counts Four and Five, and the jury found him guilty as to Counts One and Three, and not guilty as to Count Two. ECF Nos. 125, 126. By special verdict, the jury found that as to Count One the offense conduct involved 500grams or more but less than 5 kilograms of cocaine. ECF No. 126 at 2[3]

Before sentencing, the defense filed a stipulated motion for Attorney Reynolds to withdraw .ECF No. 148. The court denied the motion after an ex parte hearing. ECF No. 158. The final Presentence Investigation Report ("PSR") reflects that Petitioner had a total offense level of 43. ECF No. 192. Petitioner's base offense level was 36 based on his responsibility for 67.4 kilograms of cocaine. Id. He received a two-level upward adjustment for possession of a dangerous weapon, a three-level upward adjustment for his role in the offense, and a two-level upward adjustment for obstruction of justice based on what the court determined to be his perjured testimony at trial. ECF No. 192, PSR ¶¶ 62–72. Petitioner's criminal history category was VI. Id., PSR ¶¶ 93–94. The applicable guidelines range was life imprisonment, although Count Three had a maximum penalty of ten-years imprisonment. Id., PSR ¶¶ 133–134.

The court sentenced Petitioner to a term of 420-months imprisonment on Count One and a concurrent term of 120-months imprisonment on Count Three. ECF Nos. 230, 231, 269.

B.   **Direct Appeal**

Petitioner appealed and was represented by Attorney Michael Ufferman. ECF No. 278. He challenged the district court's denial of a motion to suppress based on

---

[3] As previously noted, the indictment charged Petitioner in Count One with offense conduct involving five kilograms *or more* of a mixture and substance containing a detectable amount of cocaine. ECF No. 54.

new Supreme Court precedent. Petitioner also alleged that the district court wrongfully admitted evidence of his two prior convictions for possession of cocaine, wrongfully refused to sever his felon-in-possession charge, wrongfully considered acquitted conduct at sentencing, and violated the Sixth Amendment "as applied". ECF No. 311 at 2–3. The Eleventh Circuit affirmed his conviction and sentence on December 23, 2013. ECF No. 311.

### C. Post-Conviction Motions

Petitioner filed his motion to vacate in December of 2015. ECF No. 325. The court ordered Petitioner to amend and granted his motion to supplement, following which he filed an amended motion to vacate in January of 2016. ECF Nos.326–329. Petitioner filed additional documents, which were returned to him, and he finally filed the second amended motion to vacate. ECF No. 332. Petitioner raised three claims of ineffective assistance of counsel and contended that his sentence exceeded the maximum allowed by law. Id. Petitioner's second amended motion to vacate was denied on January 22, 2019 and a certificate of appealability was denied. ECF No. 344.

On July 9, 2020, Petitioner filed a motion [ECF No. 364] to reduce sentence which was denied on September 11, 2020. ECF No. 366.

### D. Claims in the Instant § 2241 Petition

Petitioner instituted this action on June 23, 2020. ECF No. 1. In his § 2241 petition, Petitioner claims three grounds for relief, all of which were set forth in his §2255 petition filed in the Northern District of Florida and were denied as meritless.[4] However, his

---

[4] For ground one of Petitioner's §2255, the Court found that his counsel was not constitutionally ineffective for choosing not to make an unsupported request for the buyer/seller instruction. For grounds two and three, the Court found that "Defendant's 420 month sentence on Count One was within the statutory penalty range for the lesser amounts found by the jury, as well as within the applicable advisory

4

memorandum in support [ECF No. 1-1] attached to his §2241 petition, Petitioner asserts only that the government failed to allege in the indictment and prove at trial the necessary element that he knowingly possessed a firearm while knowingly being a person prohibited from possession of a firearm pursuant to Rehaif v. United States, 139 S.Ct. 2191 (2019). ECF No. 1-1 at 1-2.

As to the relief requested from this Court, Petitioner asks that the Court vacate his conviction in light of Rehaif. ECF No. 1-1 at 2.

### III.  LEGAL STANDARDS

#### A.  Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the district court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b), Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

---

guidelines range." ECF No. 341 at 16. Further the Court addressed the Petitioner's possible contention that counsel erred in failing to successfully challenge the base offense level of 36, which was calculated by finding that by finding that he was responsible for 67.4 kilograms of cocaine, when the jury's special verdict found him responsible for no more than 5 kilograms. However, the statutory minimum and maximum sentence under § 841(b)(1)(B)(ii) for cocaine amounts within the range found by the jury (with prior felony controlled substance convictions, as Petitioner had) is ten years to life. Thus, the district court's findings at sentencing that Petitioner was responsible for 67.4 kilograms of cocaine did not increase the maximum or minimum penalty to which Petitioner could be subjected based on the jury's findings (and Petitioner's prior convictions), as required for a violation of either Apprendi v. New Jersey, 530 U.S. 466 (2000) or Alleyne v. United States, 570 U.S. 99 (2013). The court simply calculated an intermediate advisory Guidelines range based on her own findings, as permitted by United States v. Booker, 543 U.S. 220 (2005) and its progeny. Ground two of Petitioner's §2241 asserts an Apprendi claim and ground three asserts an Alleyne violation. Both of which were addressed in his §2255 by the Court of his conviction.

### B. Pro Se Litigants

Courts must read pro se allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

### IV. ANALYSIS

Because all the grounds listed in Petitioner's §2241 petition were ruled on by the Court of conviction, Petitioner has only one ground for relief that remains: that his conviction is invalid based on the holding of Rehaif v. United States, 139 S.Ct. 2191

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a Petitioner who is immune from such relief."

(2019).

### A. Petitioner's Challenge to his Convictions

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[6] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure

---

[6] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

7

to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n.5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[7] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34. Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

---

    c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).
[7] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id. Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

Petitioner asserts that his conviction on Count Three is invalid because of the Supreme Court's holding in Rehaif, which required the Government to prove both (1) that defendant knowingly possessed a firearm, and (2) that the defendant knew he was prohibited from possessing a firearm. ECF No. 1-1 at 1-2. Because Petitioner's direct appeal rights have expired, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause.

Because Petitioner's argument does not rely on newly discovered evidence or a

9

new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause. Because Petitioner is challenging his conviction in a § 2241, he must meet all three prongs of the Jones test to challenge his conviction for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first and third prongs of the Jones test, he cannot meet the second prong. Subsequent to Petitioner's direct appeal and first § 2255 motion, the substantive law related to the conduct of which Petitioner was convicted has not changed so that that conduct is no longer deemed to be criminal.[8] The crime Petitioner was convicted in Count Three of committing—being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)—is still a violation of law. Therefore, Petitioner cannot satisfy the second prong of Jones. Accordingly, because Petitioner cannot satisfy the savings clause of § 2255(e) under Jones, his challenge to his conviction may not be considered under § 2241, and this Court is without jurisdiction to consider that challenge.

### B. Petitioner's Challenge to his Sentence

Petitioner's request for relief as to his sentence under § 2241 is unavailable. Even

---

[8] The Supreme Court in Greer, 141 S.Ct. 2090 (vacating and remanding Gary, 954 F.3d 194), held that the government's failure to prove the element of knowingly being a person in a prohibited class is not a structural error. The Court explained that it "has repeatedly made clear [that] the 'general rule' is that 'a constitutional error does not automatically require reversal of a conviction," and that "[o]nly in a 'very limited class of cases' has the Court concluded that an error is structural, and 'thus subject to automatic reversal' on appeal." Id. at 2099 (internal citations omitted).
Further, the Court noted that its "precedents make clear, the omission of a single element from jury instructions is not structural. . . . And it follows that a *Rehaif* error in a plea colloquy is likewise not structural. The omission of that *mens rea* element from a plea colloquy—like the omission of that *mens rea* element from jury instructions—does not affect the entire framework within which the proceeding occurs." Id. at 2100.
.

10

if Petitioner meets the other prongs of Wheeler, Petitioner cannot meet the second prong, which requires a showing that subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review.

The Court finds that Petitioner cannot satisfy the second Wheeler prong because the case he relies on, Rehaif, has not been ruled to apply retroactively to cases on collateral review. Further, the Eleventh Circuit, where Petitioner was convicted, has repeatedly upheld convictions challenged on Rehaif grounds.[9] See In re Palacios, 931 F.3d 1314 (11th Cir. 2019); In re Wright, 942 F.3d 1063 (11th Cir. 2019). Accordingly, Petitioner cannot meet the second prong of the Wheeler test.[10]

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition challenging his sentence. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-103 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition **[ECF No. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

---

[9] In other words, being a prohibited person in possession of a firearm remains a federal criminal offense under 18 U.S.C. § 922(g).
[10] Even Petitioner was able to pass the Wheeler test, his 420 month sentence for Count One was to be served concurrently with his sentence 120 month sentence for Count Three so it wouldn't effect the time he actually was require to serve.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the pro se Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  December 1, 2021

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE